**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

NORBERT WU,                                        :     No:  1:14-cv-06746 (AKH) (AJP)
                                                   :
                    Plaintiff,                     :     Hon. Alvin K. Hellerstein
                                                   :
                                                   :     Hon. Andrew J. Peck
                                                   :
               -against-                           :
                                                   :
                                                   :     ECF Case
                                                   :
JOHN WILEY & SONS, INC.,                           :
                                                   :
                    Defendant.                     :
                                                   :
                                                   :
                                                   :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>


LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
(212) 850-6100

Robert Penchina
Thomas Curley (*pro hac vice*)
Thomas Sullivan
*Counsel for Defendant John Wiley & Sons, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS .......................................................................................................1

LEGAL STANDARD.............................................................................................................4

ARGUMENT ......................................................................................................................5

I.       WU'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS......................5

II.      WU HAS NOT MET HIS BURDEN TO SHOW HE POSSESSES VALID
         COPYRIGHT REGISTRATIONS FOR EACH PHOTO AT ISSUE................................7

         A.       Three of Wu's Registrations Are Untimely ........................................................8

         B.       Another of Wu's Registrations Did Not Include the Subject Photo ......................9

III.     WU HAS COME FORWARD WITH NO EVIDENCE OF INFRINGEMENT .............10

         A.       Wu Cannot Show that Wiley Made Fifteen of the Claimed Uses ........................10

                  1.       Wiley Did Not Make Use Of The Photo Claimed ....................................11

                  2.       Corporate Entities Other Than This U.S. Defendant
                           Published Certain Of The Books ..............................................................13

         B.       Wu Cannot Show that Wiley Violated its Licenses for Certain of the Claimed
                  Uses.......................................................................................................15

CONCLUSION....................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alvarez v. City of New York,*
 2015 WL 1499161 (S.D.N.Y. Mar. 30, 2015) ...........................................................................4

*Anderson v. Liberty Lobby, Inc.,*
 477 U.S. 242 (1986) ...................................................................................................................4

*Arizonans for Official English v. Arizona,*
 520 U.S. 43 (1997) ...................................................................................................................14

*Banff Ltd. v. Ltd., Inc.,*
 869 F. Supp. 1103 (S.D.N.Y. 1994) .........................................................................................15

*Broadvision Inc. v. Gen. Elec. Co.,*
 No. 08 Civ. 1478, 2009 WL 1392059 (S.D.N.Y. May 5, 2009) ...............................................15

*BroadVision, Inc. v. Med. Protective Co.,*
 No. 08 Civ. 1478, 2010 WL 5158129 (S.D.N.Y. Nov. 23, 2010) ...........................................14

*Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.,*
 302 F.3d 83 (2d Cir. 2002) .........................................................................................................4

*Carte Blanche (Singapore) Pte. Ltd. v. Diners Club Int'l, Inc.,*
 2 F.3d 24 (2d Cir. 1993) ...........................................................................................................14

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,*
 150 F.3d 132 (2d Cir. 1998) .....................................................................................................11

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986) ...................................................................................................................4

*Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n,*
 768 F.3d 183 (2d Cir. 2014) .......................................................................................................4

*Chicago Bldg. Design, P.C. v. Mongolian House, Inc.,*
 770 F.3d 610 (7th Cir. 2014) ......................................................................................................5

*Elmore v. Henderson,*
 227 F.3d 1009 (7th Cir. 2000) ....................................................................................................5

*Faulkner v. Nat'l Geographic Enters., Inc.*,
   409 F.3d 26 (2d Cir. 2005)............................................................................14

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)......................................................................................11

*Graham v. James*,
   144 F.3d 229 (2d Cir. 1998)..........................................................................16

*Green v. Lindsey*,
   885 F. Supp. 469 (S.D.N.Y. 1992).................................................................11

*Harris v. Simon & Schuster, Inc.*,
   646 F. Supp. 2d 622 (S.D.N.Y. 2009)............................................................15

*Hecke v. Clear Channel Commc'ns, Inc.*,
   2005 WL 975837 (S.D.N.Y. Apr. 27, 2005)..........................................11, 13

*Johnson v. Nyack Hosp.*,
   86 F.3d 8 (2d Cir. 1996)..................................................................................5

*Jorgensen v. Epic/Sony Records*,
   351 F.3d 46 (2d Cir. 2003).............................................................................11

*L.A. Printex Indus., Inc. v. Le Chateau, Inc.*,
   2012 WL 987590 (S.D.N.Y. Mar. 23, 2012) ...................................................7

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)........................................................................................14

*Marvel Entm't, Inc. v. Kellytoy (USA), Inc.*,
   769 F. Supp. 2d 520 (S.D.N.Y. 2011)..............................................................4

*Mathews v. Kidder, Peabody & Co.*,
   260 F.3d 239 (3d Cir. 2001)............................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)..........................................................................................4

*Mayimba Music, Inc. v. Sony Corp. of Am.*,
   2014 WL 5334698 (S.D.N.Y. Aug. 19, 2014)................................................15

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005)........................................................................................15

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
   712 F. Supp. 2d 84 (S.D.N.Y. 2010).................................................................4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014)....................................................................................5

*Psihoyos v. John Wiley & Sons, Inc.*,
   748 F.3d 120 (2d Cir. 2014)......................................................................5, 8, 9

*Reinhardt v. Wal-Mart Stores, Inc.*,
   547 F. Supp. 2d 346 (S.D.N.Y. 2008)...........................................................16

*Senisi et al. v. Wiley*,
   No. 1:13-cv-03314-LTS-AJP, May 16 ........................................................1, 2

*Sheldon Abend Revocable Trust v. Spielberg*,
   748 F. Supp. 2d 200 (S.D.N.Y. 2010).............................................................11

*Steele v. Bell*,
   2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014) ...............................................9

*Stone v. Williams*,
   970 F.3d 1043 (2d Cir. 1992)........................................................................7

*Tasini v. New York Times Co.*,
   206 F.3d 161 (2d Cir. 2000)..........................................................................16

*William A. Graham Co.v. Haughey*,
   568 F.3d 425 (3d Cir. 2009)........................................................................5, 6

*Williams v. Smith*,
   781 F.2d 319 (2d Cir. 1986)...........................................................................4

*Wu v. Pearson Educ., Inc.*,
   2013 WL 145666 (S.D.N.Y. Jan. 11, 2013) .................................................17

**Statutes**

17 U.S.C.
   § 411(a) .....................................................................................................8, 9, 10
   § 507(b) ...........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 56(a) ............................................................................................1, 4

Local Rule 56.1 .....................................................................................................2

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendant John Wiley & Sons, Inc. ("Wiley") respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment to dismiss the claims of Plaintiff Norbert Wu ("Plaintiff" or "Wu").

## INTRODUCTION

Plaintiff is a serial litigator who pursues copyright claims against textbook publishers with whom he once did business asserting every conceivable violation of license terms that his attorneys can imagine.  As Wu acknowledges, his Complaint is simply a list of photos licensed by him to Wiley over the span of two decades offered in the hope of finding some violation of a long-ago license.  Here, Wu's stale claims, most of which date to the 1990s, are precluded by the statute of limitations, as well as for other reasons.

## STATEMENT OF FACTS

Defendant Wiley is a publisher of textbooks, professional and trade books, and scholarly journals.  First Am. Compl. ¶ 5, Jan. 20, 2015, Doc. 29 ("First Am. Compl.").  Plaintiff Wu is a professional photographer who makes his living by creating and licensing photographs.  *Id*. at ¶ 4.

As one of several photographer plaintiffs, Wu initially filed suit against Wiley on May 16, 2013.  Compl., *Senisi et al. v. Wiley*, No. 1:13-cv-03314-LTS-AJP, May 16. 2013, Doc 1.  On March 28, 2014, Wu's claims were dismissed from that multi-plaintiff action by order of Judge Swain.  Mem. Op. and Order at 17, *Senisi et al. v. Wiley* No. 1:13-cv-03314-LTS-AJP, Mar. 28, 2014, Doc. 43 ("Such claims of the other Plaintiffs are dismissed without prejudice to reassertion in separation actions.").  Wu then filed this action against Wiley on August 20, 2014.  *See* Compl., Aug. 20, 2014, Doc. 1.

Prior to Wu's lawsuits, Wiley had licensed photos from Plaintiff for use in its books for many years.  First Am. Compl. ¶¶ 16, 19; Declaration of Thomas Curley ("Curley Decl.") Ex. B

1

at 16:05-10 (Transcript of Deposition of Norbert Wu).[1]  Plaintiff also licenses photos he has created through various agents.  *Id*. at 34:09-38:13.  Plaintiff's agents had authority to license others to make use of Wu's photos that were in the agent's collection.  *Id*. at 38:08-13, 180:07-16.

Plaintiff has alleged that Wiley made unauthorized uses of fifteen of his photographs in various textbook products.  First Am. Compl. Ex. 1.[2]  *See also* Curley Decl., Ex. H at 2.  In his Complaint, Wu does not specify how Wiley supposedly infringed his works but instead lists various ways in which it is theoretically possible to commit infringement.  First Am. Compl. ¶ 28.  Indeed, as Wu acknowledged, Exhibit 1 to his Complaint simply reflects "a list of some – if not all – of the images that Wiley licensed from us over the past 23 years, 22 years."  Curley Decl., Ex. B at 69:20-22.

In certain instances Wiley did not even use the photos, or the books were not published by this defendant, or Wiley is in compliance with the license granted to it by Wu.  Declaration of Lisa Suarez ("Suarez Decl.") ¶¶ 3-14; *see also* Local Rule 56.1 Statement ¶¶ 19-30 (filed contemporaneously herewith).  Most of the photos alleged in Exhibit 1 were licensed a decade ago or even longer.  First Am. Compl. Ex. 1.

Wu testified he has "been on high alert for many years about retroactive licensing and I've heard of many of these cases that publishers have routinely just ignored these [license]

---

[1] Plaintiff's deposition testimony cited herein is attached as Ex. B of the Curley Declaration.

[2] There are fifteen photos at issue in this action.  Wu's Complaint is unclear with respect to the number of infringement claims that he is alleging.  *See* First Am. Compl. Ex. 1.  For ease of reference, Wiley has numbered the alleged infringements by row in Exhibit 1 to the Complaint.  Curley Decl., Ex. A (identifying 55 alleged infringements of fifteen photos).  For the purpose of this motion, Wiley assumes without conceding the infringement alleged in each row was intended to state a separate claim, notwithstanding the duplicative photos and publications.

restrictions, ignored these licenses that we photographers have granted and just went about

business without paying or informing photographers . . . ."  Curley Decl., Ex. B at  51:21-52:03.

Wu has pursued legal claims against other textbook publishers with whom he previously had

business dealings.  *Id*. at 7:10-8:11.  *See also id*. at 162:13-14 ("I'm a small business person.  I

don't have a 401k. This is how I make my living.").

      With respect to Wiley in particular, he testified:

> Q.    Have you been aware of Wiley exceeding license limits of yours
> for the last four, six or eight years?
>
> A.    Have I been aware?  Wiley's made it tough.  I know that since
> we've been aware I've been working with Dan and Kevin [Wu's
> attorneys] to figure out the circumstances.
>
> Q.    When did you become aware?
>
> A.    Again, I would say maybe four, maybe six years ago.
>
> Q.    Do you remember how you became aware?
>
> A.    It was probably – it was probably through my lawyers.
>
> Q.    When did you first become aware that textbook publishers
> generally were having a prob[lem] staying within their licenses?
>
> A.    That, again, would be in the range of four to eight years ago.
>
> Q.    How did you learn that textbook publishers generally were
> exceeding licenses?
>
> A.    How did I learn?
>
> Q.    Yes.
>
> A.    This was eight to ten years ago maybe.  Maybe six.  I would have
> to look at my notes.  I was approached by – I think he was a lawyer
> based in Colorado and he said – he was a photographer and a
> lawyer and he'd become aware of these print overruns.[3]

*Id.* at 52:23-54:3.  *See also id*. at 52:19-22 ("Again, I would say we may have learned about

Wiley specifically – it's hard to say.  At least in the last four or six, eight years.").

---

[3] No later than January 2009, Plaintiff's privilege log indicates written communications
with this Colorado law firm "regarding legal claims gathered at direction of legal counsel."
Curley Decl., Ex. C.  Plaintiff refused to divulge these communications.

## **LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be sought on any claim or defense or a part of any claim or defense.  Fed. R. Civ. P. 56(a).  Summary judgment must be granted when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is no genuine dispute "when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"  *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  "Material facts are those which, under the governing law, may affect the outcome of a case."  *Alvarez v. City of New York*, 2015 WL 1499161, at *5 (S.D.N.Y. Mar. 30, 2015).

The moving party bears the initial burden of demonstrating the absence of a material factual dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once such a demonstration is made, the non-moving party "must 'set forth specific facts showing that there is a genuine issue for trial,'" and cannot rest on the "allegations of the pleadings."  *Marvel Entm't, Inc. v. Kellytoy (USA), Inc.*, 769 F. Supp. 2d 520, 528 (S.D.N.Y. 2011) (quoting *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)); *accord Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002) ("nonmoving party 'may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible'"); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 89 (S.D.N.Y. 2010) ("Mere speculation and conjecture will not suffice" to defeat summary judgment).

# ARGUMENT

## I.   WU'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The Copyright Act generally imposes a three-year statute of limitations on suits for copyright infringement. 17 U.S.C. § 507(b).  Wu filed this case against Wiley on August 20, 2014.[4]  Most of his claimed infringements date back to the 1990s.  First Am. Compl. Ex. 1.  Here, Wu's claims are barred by the statute of limitations unless he was somehow unable to discover his claims until more recently.  Wu's own testimony demonstrates otherwise.

In copyright actions, the "discovery rule" has been held to apply and thus "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement (the so-called 'discovery rule')."  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014).  *See also id.* at 125 ("copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement").[5]

Under the discovery rule, the test is whether a plaintiff "should have known of the basis for [its] claims [, which] depends on whether [it] had sufficient information of possible wrongdoing to place [it] on inquiry notice or to excite storm warnings of culpable activity."  *William A. Graham Co.*

---

[4] The statute of limitations here dates to the filing of his current complaint and not the prior multi-plaintiff action before Judge Swain from which Wu was dismissed. Mem. Op. and Order, *Senisi*, Doc. 43.   Although the dismissal came about in response to a motion to sever, Wu's claims were in fact dismissed.  *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed"); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996) (holding same).

[5] Notwithstanding the Second Circuit's decision in *Psihoyos*, the subsequent Supreme Court decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014) casts doubt on the viability of the discovery rule for copyright infringement claims, as distinct from the traditional "injury rule."  *See Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014).  Under the injury rule, a claim accrues at the time the infringement occurred, rather than when the plaintiff had actual or constructive knowledge that it occurred. Wiley assumes for the sake of this motion only that the discovery rule applies because, whichever rule applies here, Wu's claims are barred.

*v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (alterations in original) (citations omitted).  Then, the

plaintiff must "'show that [it] exercised reasonable due diligence and yet [was] unable to discover

[its] injuries.'"  *Id*. (alterations in original) (citations omitted).

Here, Wu was aware of the basis for his alleged claims against Wiley for many years, as

Plaintiff candidly acknowledged: "Q. When did you become aware?  A. Again, I would say maybe

four, maybe six years ago."  Curley Decl., Ex. B at 53:06-08; *see also id*. at 52:19-22 ("Again, I

would say we may have learned about Wiley specifically – it's hard to say.  At least in the last four or

six, eight years.").

As his testimony indicates, as many as ten years ago Wu was aware of "these print

overruns" generally and was aware of it with particular respect to Wiley as many as eight years

ago.  *Id*. at 54:03.  In his own words, he has "been on high alert for many years about retroactive

licensing and I've heard of many of these cases that publishers have routinely just ignored these

[license] restrictions, ignored these licenses that we photographers have granted and just went

about business without paying or informing photographers  … ."  *Id*. at 51:21-52:03.

Indeed, Wu is a serial litigator represented by attorneys who have pioneered a cottage

industry of suing textbook publishers asserting license violations.  In July 2009, five years prior

to filing his current suit against Wiley, Wu and his attorneys filed a purported class action

against publisher Pearson Education, Inc. alleging photo license violations.  *See* Case No. 1:09-

cv-06557-KBF-JCF (S.D.N.Y. July 23, 2009).  Wu also filed suit alleging photo license

violations against publisher Houghton Mifflin Harcourt on the same day.  *See* Case No. 1:09-cv-

06558-HB (S.D.N.Y. July 23, 2009).  More than three years before this suit was filed, Wu's

attorneys requested that Plaintiff "send [them] any licenses you've granted to Wiley & Sons.

We've got some dirt on them."  Curley Decl., Ex. B at 194:03-16; Curley Decl., Ex. D (Dec.

2010 email).  Wu also sued publisher McGraw-Hill in 2011, again alleging photo license

violations.  *See* Case No. 1:11-cv-02765-JPO (S.D.N.Y. Apr. 22, 2011); *see also* Curley Decl.,

Ex. B at 7:10-8:11; *id*. at 162:13-14 ("I'm a small business person.  I don't have a 401k. This is

how I make my living.").

        Notwithstanding Wu's knowledge for "at least" "the last four or six, eight years"

regarding Wiley's alleged violations of this licenses, *id*. at 52:19-22, he did not pursue claims

against Wiley, electing instead to file what he and his attorneys likely perceived to be more

lucrative claims against other publishers.  *See* Curley Decl., Ex. D at WU674 (Dec. 2010

Attorney Email to Wu:  "We're in a full blown crusade against [textbook publisher] Pearson.

2011 should be the year that they fold.").   Be that as it may, by Wu's own admission, he was

well aware of the basis for his suit against Wiley for far longer than three years prior to the filing

of this action.  He slept on his rights and the time for asserting his claims against Wiley had

elapsed by the time Wu filed suit in August 2014.

        Accordingly, his claims are barred by the statute of limitations.  *See, e.g.*, *Stone v.

Williams*, 970 F.3d 1043, 1049 (2d Cir. 1992) (royalties paid three years prior to filing suit time

barred where plaintiff was made aware that she "might" be entitled to royalties six years prior to

filing suit); *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001) ("It is enough

that a reasonable [person] of ordinary intelligence would have discovered the information and

recognized it as a storm warning.").

## II.     WU HAS NOT MET HIS BURDEN TO SHOW HE POSSESSES VALID COPYRIGHT REGISTRATIONS FOR EACH PHOTO AT ISSUE.

         "The absence of a valid copyright registration . . . bar[s] a plaintiff from bringing a viable

copyright infringement action." *L.A. Printex Indus., Inc. v. Le Chateau, Inc.*, 2012 WL 987590, at *3

& n.4 (S.D.N.Y. Mar. 23, 2012); *see, e.g., Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125

(2d Cir. 2014); 17 U.S.C. § 411(a).

### A.   Three of Wu's Registrations Are Untimely

To begin with, the record shows that Wu failed to even file copyright applications for three of

the photos at issue relating to ten of his claims until well after he filed suit, notwithstanding his

representations to the contrary in his Complaint.

Due to Wu's reluctance to identify the specific copyright registrations underlying his claims,

Magistrate Judge Peck ordered him to produce a list of his photos in suit, with "all the photographs

linked to the copyright registrations" that cover each specific photo, and "an affidavit . . . as to the

accuracy of that representation."  Curley Decl., Ex. I at 6:12-14.  Wu delayed providing this

information because he had not yet even filed an application to register copyrights for three photos

related to ten of his claims.  The photos at issue are:  "Australian Wrasse (Cleaner Fish)," "Mature

Emperor Fish (Emperor Angelfish)" and "Guano on Rocks."  *See* Curley Decl., Ex G  (three photo

registrations all dated December 9, 2014) ; *see also* Curley Decl., Ex. B at 135:03-07 ("Q:  Just to be

clear, on August 20 of 2014, when this complaint was submitted, it was not true that all of the photos

in this case were registered?  A.  That's correct.").[6]

The Second Circuit has made clear that a valid copyright registration is a required element of

a claim for infringement, and a plaintiff *must* have the registration *prior to filing suit*.  In *Psihoyos v.*

*John Wiley & Sons, Inc.*, the plaintiff lacked a copyright registration for some of the photos at issue,

so the court granted summary judgment dismissing the claims for the unregistered photos.  On

---

[6] The claims relating to Australian Wrasse (Cleaner Fish)" are rows 12, 13, 14 of Exhibit
1 to the First Amended Complaint; for  "Mature Emperor Fish (Emperor Angelfish)," rows 15,
16, 17, 20;  and for "Guano on Rocks," rows 30, 31, 36.  Curley Decl., Ex. A.  Wu has suggested
one or more of these photos might be covered by earlier registrations but has come forward with
no evidence that is in fact the case.  *See* Curley Decl., Ex. H.

appeal, plaintiff argued that his claims should not have been dismissed because he had submitted to the Copyright Office an application to register these photos and, in plaintiff's view, an application should satisfy the registration requirement.  The Second Circuit observed that courts are split as to whether an application alone satisfies the Section 411(a) registration requirement.  But, the court found that it did not need to resolve that issue because, even if an application could suffice, summary judgment was appropriate because "Psihoyos had not even filed the applications for registration of the relevant works *prior to instituting the action claiming infringement* of the copyright in these works, as required by the plain terms of the statute.").  748 F.3d at 125 (emphasis added).

The result should be no different here.  Notwithstanding that Wu's original complaint (filed on August 20, 2014) stated that "Plaintiff registered his copyrights with the U.S. Copyright Office," Compl. ¶ 35, the registrations relating to three of his photos were not applied for or issued until December 9, 2014.  *See Steele v. Bell*, 2014 WL 1979227, at *7 (S.D.N.Y. Mar. 28, 2014) (noting that the effective date is the date the application, fee, and deposit are received in the Copyright Office).  Wu filed his application to register these photos long after the case was filed, and even months after the Court had required him to attest to which registrations cover his photos in suit. Accordingly, all of Wu's claims relating to these three photos should be dismissed.  *See* Curley Decl., Ex. A (rows 12, 13, 14, 15, 16, 17, 20, 30, 31 & 36).

### B.    Another of Wu's Registrations Did Not Include the Subject Photo

As noted, because Wu attempted to avoid being pinned down on whether his photos were registered, Magistrate Judge Peck ordered him to swear under oath as to the "accuracy of that representation" that his works were properly registered.  Curley Decl., Ex. I at 6:12-14.  But even after this order, Wu filed a carefully worded declaration merely "identifying copyright registration information for my photographs at issue in this action."  Curley Decl., Ex. H.

At his deposition, Wu had little idea whether the registration certificates he cited in his declaration actually encompassed the photos he is suing upon.  For example, when asked about the photo "Electric Eel," upon which seven of his claims are predicated, Wu testified the photo should be contained on a video he submitted along with his registration application to the Copyright Office more than twenty years ago.  However, Wu did not know whether the photo was actually submitted in that video, as would be required to obtain a registration for it:

> Q.  You might be confident, but can you testify under oath that, in fact, "Electric Eel, AQR 0013" was submitted with the application that became VAU 283-085?
>
> A.  I could review what we have.
>
> Q.  That's not my question.
>
> A.  This one, I can't.  No.

Curley Decl., Ex. B at 92:02-08.  Insofar as can be determined, the video Wu submitted to the Copyright Office does not in fact contain a photo identified as "AQR 0013."   Accordingly, Wu has failed to demonstrate that this photo is registered.  A valid registration specifically covering the "Electric Eel" photo is a statutory requirement, 17 U.S.C. § 411(a).  Without such proof, Plaintiff's claims related to this photo – specifically rows Rows 1, 2, 3, 4, 18, 25, 26 of Exhibit 1 to the First Amended Complaint – must be dismissed.  *See* Curley Decl., Ex. A.

## III.    WU HAS COME FORWARD WITH NO EVIDENCE OF INFRINGEMENT

In addition, certain of Wu's claims also fail on other grounds.[7]

### A.    Wu Cannot Show that Wiley Made Fifteen of the Claimed Uses

To prevail on his claim for copyright infringement, Wu must prove two elements: "(1) ownership of a valid copyright, and (2) [unauthorized] copying of constituent elements of the work

---

[7] By moving with respect to certain claims in this section of its motion, Wiley does not concede that Plaintiff can meet his burden of demonstrating infringement regarding his other claims and/or that additional defenses would not otherwise preclude them.

that are original.'" *Sheldon Abend Revocable Trust v. Spielberg*, 748 F. Supp. 2d 200, 203 (S.D.N.Y. 2010) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

To prove the unauthorized copying element of an infringement claim, "a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'" *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998)). *See also Hecke v. Clear Channel Commc'ns, Inc.*, 2005 WL 975837, at *1-2 (S.D.N.Y.  Apr. 27, 2005); *accord Green v. Lindsey*, 885 F. Supp. 469, 477 (S.D.N.Y. 1992) ("plaintiff must prove that defendant *actually used plaintiff's work* as a source of material or ideas for her own work"), *aff'd*, 9 F.3d 1537 (2d Cir. 1993) (emphasis added); 3 Patry on Copyright § 9:16  (because "[t]here is no presumption of copying," "[a] plaintiff must . . . prove that defendant copied from its work").

Accordingly, if a copyright plaintiff cannot provide evidence to raise an issue of fact as to actual use, summary judgment for the defendant is warranted. *See, e.g.*, *Hecke*, 2005 WL 975837, at *1-2 (granting summary judgment where plaintiff presented no evidence of copying, finding that "no reasonable fact-finder could conclude that defendant . . . committed infringement") (citing *Jorgensen*, 351 F.3d at 51).

### 1.    Wiley Did Not Make Use Of The Photo Claimed

Here, the undisputed evidentiary record demonstrates that Wiley did not make the following uses of Plaintiff's photos as alleged in these rows of Exhibit 1 to the First Amended Complaint below:

| Photograph | Textbook | Row(s) of Complaint Exhibit | Evidence Relied Upon |
|---|---|---|---|
| Electric Eel | *Physics Edition 5, Volume 1* | 2 | Suarez Decl. ¶ 3 |
| Luminescent | *Biology* | 9, 10 | Suarez Decl. ¶ 7 |

| Jellyfish | *Fundamentals Second Edition* | | |
|---|---|---|---|
| Australian Wrasse (Cleaner Fish) | *Biology Fundamentals Second Edition* | 13 | Suarez Decl. ¶ 7 |
| Australian Wrasse (Cleaner Fish) | *Biology Fundamentals First Edition* | 14 | Suarez Decl. ¶ 4 |
| Mature Emperor Fish (Emperor Angelfish) | *Biology Fundamentals Second Edition* | 16 | Suarez Decl. ¶ 7 |
| Deep Sea Angler Luring A Prey | *Microbiology Principles and Explorations Sixth Edition* | 46 | Suarez Decl. ¶ 5 |
| Atlantic Longfin Squid | *Visualizing the Environment Third Edition* | 54 | Suarez Decl. ¶ 6 |
| Atlantic Longfin Squid | *Visualizing the Environment Third Edition* | 55 | Suarez Decl. ¶ 6 |

Wu has no evidence to the contrary. His testimony confirmed that he did no due diligence of his own to investigate which of his photos were allegedly infringed by Wiley, relying instead solely on information obtained from his counsel. Curley Decl., Ex. B at 70:19-25, 80:10-18.

Two additional claims should also be dismissed because the undisputed evidence shows that Wiley did not publish a book by the claimed title:.

| Photograph | Textbook | Row(s) of Complaint Exhibit | Evidence Relied Upon |
|---|---|---|---|
| Ctenophore | *Essentials of Ocean Science Second Edition* | 21 | Suarez Decl. ¶ 12 |
| Arrow Worm | *Essentials of Ocean Science Second Edition* | 23 | Suarez Decl. ¶ 12 |

In view of Wiley's evidence and Wu's failure to come forward with contrary evidence, "no reasonable fact-finder could conclude that defendant . . . committed infringement" as to the uses identified above. *Hecke*, 2005 WL 975837, at *2. Accordingly, to the extent Plaintiff's copyright claims are based upon rows 2, 9, 10, 13, 14, 16, 21, 23, 46, 54 & 55 above, they must be dismissed. *See* Curley Decl., Ex. A;  Suarez Decl. ¶¶ 3-7, 12.

### 2. Corporate Entities Other Than This U.S. Defendant Published Certain Of The Books

In addition, the undisputed record demonstrates that Wiley did not publish the following four titles as alleged in the Complaint:

| Photograph | Textbook | Row(s) of Complaint Exhibit | Evidence Relied Upon |
|---|---|---|---|
| Deep Sea Angler Luring A Prey | *Jacaranda Essentials Humanities 2 Worksheets* | 42 | Aggarwal Decl. ¶ 3 & Ex. N; Suarez Decl., ¶ 8 |
| Deep Sea Angler Luring A Prey | *Jacaranda Primary Atlas Third Edition (Australia)* | 43 | Aggarwal Decl. ¶ 3 & Ex. N; Suarez Decl., ¶ 9 |
| Deep Sea Angler Luring A Prey | *Jacaranda Essentials Geography 1 Worksheets (Australia)* | 44 | Aggarwal Decl. ¶ 3 & Ex. N; Suarez Decl., ¶ 10 |
| Kelp Forest | *Visualizing Environmental Science Canadian Edition* | 47 | Aggarwal Decl. ¶ 2 & M; Suarez Decl., ¶ 11 |

These titles are Australian and Canadian publications and were not published by this defendant.  Instead, these publications were created and distributed by John Wiley & Sons Canada

Ltd. and John Wiley & Sons Australia Ltd., two distinct corporate entities.  Declaration of Ashima

Aggarwal (the "Aggarwal Decl."), Exs. M , N.  Plaintiff has put forth no evidence of infringement by

Wiley with respect to these foreign titles.  Accordingly, the infringement claims based on these titles

should be dismissed.

It is well settled that "[s]tanding to sue *or defend* is an aspect of the case-or-controversy

requirement."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (emphasis added).

The injury complained of must be "fairly traceable to the challenged action of the defendant, and not

the result of the independent action of some third party not before the court."  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992) (alterations omitted) (citation omitted).  Accordingly, as a

threshold jurisdictional matter, Plaintiff has the burden of demonstrating that the named defendant,

Wiley, a U.S. corporation, is responsible for alleged infringement by distinct corporate entities.  *See*

*id.*; *see also Carte Blanche (Singapore) Pte. Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir.

1993) ("Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct

entities and a contract under the corporate name of one is not treated as that of both.").

Moreover, as Magistrate Judge Peck observed, Plaintiff had not pled any claim that Wiley is

liable for secondary copyright liability with respect to foreign publications by others, and the Court

"was not giving [Plaintiff] permission to amend for that."  Curley Decl., Ex. L at 29:14-30:06.

Accordingly, Plaintiff has not pled, and cannot make a claim against Wiley for any purported

infringement by non-parties.

Even if Plaintiff had pled vicarious or contributory liability, in order to prevail on any such

claim, Plaintiff must first establish liability by the direct infringers.  *See Faulkner v. Nat'l*

*Geographic Enters., Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) (holding that "there can be no contributory

infringement absent actual infringement"); *BroadVision, Inc. v. Med. Protective Co.*, No. 08 Civ.

1478, 2010 WL 5158129, at *4 (S.D.N.Y.  Nov. 23, 2010) ("A party claiming vicarious liability

must establish that direct infringement occurred....").

   Then, Plaintiff must prove that Wiley knew of, and caused, induced, or materially contributed

to, the infringement.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930

(2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement . .

. and infringes vicariously by profiting from direct infringement while declining to exercise a right to

stop or limit it.").  Wu must show "indicia beyond the mere legal relationship showing that the parent

is actually involved with the decisions, processes, or personnel directly responsible for the infringing

activity."  *Banff Ltd. v. Ltd., Inc.*, 869 F. Supp. 1103, 1109 (S.D.N.Y. 1994); *Broadvision Inc. v. Gen.

Elec. Co.*, No. 08 Civ. 1478, 2009 WL 1392059, at *4 (S.D.N.Y.  May 5, 2009) ("To state a claim

for vicarious liability against a parent for the actions of its subsidiary, a plaintiff must show more

than just a legal relationship between the parent and the subsidiary or that the parent benefits from its

ownership of the subsidiary."); *Mayimba Music, Inc. v. Sony Corp. of Am.*, 2014 WL 5334698, at

*13 (S.D.N.Y.  Aug. 19, 2014) ("A  parent-subsidiary relationship, standing alone, is not enough to

state a claim for vicarious liability against a parent for the actions of its subsidiary.") (citing *Banff

Ltd.*, 869 F. Supp. at 1109).

   Plaintiff has not set forth any evidence to support such a claim.  Accordingly, as a matter of

law, Wiley cannot be held responsible for allegations of infringement by distinct corporate entities

and the claims related to rows 42, 43, 44 and 47 of Exhibit 1 to the First Amended Complaint should

be dismissed.  *See* Curley Decl., Ex. A.

### B.    Wu Cannot Show that Wiley Violated its Licenses for Certain of the Claimed Uses

   A claim of copyright infringement also fails where the alleged infringer was granted a non-

exclusive license to use the work and the use remains within the scope of that license.  *See Harris v.*

*Simon & Schuster, Inc.,* 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009) ("A valid license, either exclusive or non-exclusive, 'immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor.'") (citation omitted); *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) ("A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement.").

Where there is no dispute that a license existed, "the [plaintiff] copyright owner bears the burden of proving that the defendant's copying was unauthorized.'" *Tasini v. New York Times Co.,* 206 F.3d 161, 171 (2d Cir. 2000).  If a plaintiff cannot meet this burden, an infringement claim cannot stand.  *See, e.g., Reinhardt v. Wal-Mart Stores, Inc.,* 547 F. Supp. 2d 346, 355 (S.D.N.Y. 2008) (dismissing infringement claim where disputed use was within scope of license).

Here, the undisputed evidence shows that Wiley had a valid license for each of these uses below and in each case remained within the licensed print run, where there was a print run asserted, as well as any other restrictions asserted in the applicable licenses:

| Photograph | Textbook | Row(s) of Complaint Exhibit | Applicable License(s) | Licensed Print Run | Actual Print Run |
|---|---|---|---|---|---|
| Deep Sea Angler Fish Luring A Prey | *General, Organic & Biological Chemistry Third Edition* | 38, 41 | Wu Invoice No. 7580, dated November 30, 2009 | 100,000 Curley Decl., Ex. E (WU19) | Fewer than 100,000 Suarez Decl. ¶ 13 |
| Deep Sea Angler Fish Luring A Prey | *General, Organic & Biological Chemistry First Edition* | 40 | Peter Arnold, Inc. Invoice No. 2001159, dated June 23, 2005 | 25,000 Curley Decl., Ex. F (WWU4035-36) | Fewer than 25,000 Suarez Decl. ¶ 14 |

In addition, the following two claims should be dismissed because Wu has come forward with no evidence to demonstrate the manner in which his photos were allegedly infringed:

| Photograph | Textbook | Row(s) of Complaint Exhibit |
|---|---|---|
| Deep Sea Angler Luring A Prey | *Microbiology Principles and Explorations Fifth Edition* | 45 |
| Kelp Forest | *Environment with 2012 World Population Data Sheet* | 53 |

At bottom, with respect to these alleged uses above, the record does not demonstrate that Wiley used these images beyond applicable license terms. Declaration of Melinda Patelli ¶¶ 3-4. And Wu has come forward with no such evidence. *See Wu v. Pearson Educ., Inc.*, 2013 WL 145666, at *5 n.9 (S.D.N.Y. Jan. 11, 2013) (noting it is plaintiff's "responsibility, over the course of . . . litigation, to assemble some proof for his case"). Accordingly, the claims in rows 38, 40, 41, 45 and 53 of Ex. 1 to the First Amended Complaint should be dismissed. *See* Curley Decl., Ex. A.

## **CONCLUSION**

For the foregoing reasons, Wiley respectfully requests that the Court grant its motion for summary judgment dismissing Plaintiff's claims.

Dated: April 30, 2015                     Respectfully submitted,


                                          LEVINE SULLIVAN KOCH & SCHULZ, LLP

                                          By:  /s/ Thomas Curley
                                               Robert Penchina
                                               Thomas Curley (*pro hac vice*)
                                               Thomas Sullivan

                                          321 West 44th Street, Suite 510
                                          New York, NY 10036
                                          Tel. (212) 850-6109
                                          Fax (212) 850-6299
                                          rpenchina@lskslaw.com

                                          *Counsel for John Wiley & Sons, Inc.*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>30th</u> day of April, 2015, I caused a true and correct copy of the

foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR**

**SUMMARY JUDGMENT** to be filed with the Court through the ECF system, which generates an

electronic notice of service by email to the following counsel of record:


        Danial A. Nelson, Esq.
        Kevin P. McCulloch, Esq.
        NELSON & McCULLOCH LLP
        155 East 56th Street
        New York, NY 10022
        (212) 355-6050
        Email – dnelson@nelsonmcculloch.com;
        kmcculloch@nelsonmcculloch.com

        *Counsel for Plaintiff Norbert Wu*



        */s/ Thomas Curley*
        Thomas Curley